# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON I. CONTRERAS, | Case No. 1:15-cv-0173-DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH |
| v. | LEAVE TO AMEND |
| METTS, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Ramon I. Contreras ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 2, 2015. He names California Substance Abuse Treatment Facility ("CSATF") Dr. Julius F. Metts, Nurse C. Stronach and CMO Enenmoh as Defendants.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 19, 2015.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at CSATF, where the events at issue occurred.

Plaintiff alleges that in January 2013, he injured his lower back.

After submitting medical requests, he saw Defendant Stronach on March 14, 2013. He informed her of his injury, which he "felt was related to a nerve issue and required an MRI." ECF No. 1, at 3-4. Defendant Stronach told Plaintiff to stop exercising and return if the pain persisted.

Plaintiff's pain did not go away and he sought further treatment.

On May 7, 2013, Plaintiff had a consultation with Defendant Metts. Defendant Metts placed Plaintiff on the x-ray wait list even though Plaintiff requested an MRI "because the pain did not feel to be caused by skeletal issues but a nerve issue instead." ECF No. 1, at 4. Defendant Metts denied Plaintiff's MRI request.

On May 10, 2013, Plaintiff underwent x-rays of his lower back. Plaintiff was forced to wait over two months to know that the x-rays were negative. Therefore, an MRI was not required and Plaintiff did not receive further medical attention.

On August 19, 2013, Plaintiff submitted a medical request and asked for an MRI and brace for his lower back.

Plaintiff was seen by Defendant Metts on August 30, 2013. Plaintiff requested an MRI and a back brace. Defendant Metts denied the request. Other than offering the "usual pain medication," Defendant failed to offer any other type of remedy, such as physical therapy. ECF No. 1, at 4.

On September 2, 2013, Plaintiff filed a medical appeal requesting an MRI, back brace and an appointment with a specialist.

As a result of the appeal, Plaintiff received an MRI on October 22, 2013. The MRI revealed degenerative disc disease at L4-5, with a posterior disc protrusion and mild to moderate central canal stenosis.

Although the MRI showed an actual back injury, Defendant Metts offered no immediate medical attention, such as ordering Plaintiff to be seen by a specialist. Defendant Metts did not issue a back brace even though Plaintiff kept on requesting one.

Plaintiff was supposed to be seen by the physical therapist. However, he did not see the therapist until February 19, 2014. While Plaintiff was waiting, he notified Defendants that his medical condition was getting worse.

By November 2013, Plaintiff's medical condition was affecting his mobility and ability to sleep.

On March 7, 2014, Plaintiff had a telemedicine consultation with a neurosurgeon. The surgeon recommended epidural injections

On May 2, 2014, Plaintiff had a second consultation with the neurosurgeon, and he recommended pelvic traction treatment.

Plaintiff alleges that Defendant Enenmoh denied the recommendations of the surgeon "because [he] never received any of the treatments that were recommended." ECF No. 1, at 6.

**C.     DISCUSSION**

     1.     Linkage

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

Here, Plaintiff alleges that Defendant Enenmoh denied recommended treatment, but his allegation is not supported by facts.  Rather, Plaintiff bases his allegation simply on the fact that he never received the treatment.  He fails to affirmatively link Defendant Enenmoh to the denial in any way and he therefore fails to state a claim against him.

     2.     Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

4

indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's medical claim is based on his belief that Defendants denied and delayed treatment. He alleges that Defendant Stronach denied his request for an MRI, even though he told her that he believed his injury was related to a nerve issue and required an MRI. This is nothing more than a disagreement with treatment, however, and does not demonstrate that Defendant Stronach acted with deliberate indifference.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff has not made such a showing against Defendant Stronach and he therefore fails to state a claim against her.

Similarly, Plaintiff faults Defendant Metts for denying an MRI and a back brace even though Plaintiff felt that his pain and symptoms warranted such treatment. Again, that Plaintiff may have wanted certain treatment does not mean that Defendant Metts acted with deliberate indifference. Although Plaintiff ultimately received an MRI and was diagnosed with degenerative disc disease, he makes no allegation that Defendant Metts' denial was medically unacceptable under the circumstances.

Plaintiff also makes vague allegations that Defendant Metts "offered no immediate medical attention" after his MRI. ECF No. 1, at 5. However, he does not offer any factual explanation of his claim. Such vague allegations are insufficient to state a claim.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint does not state any cognizable claims against any Defendants.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;

4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **July 17, 2015**                             /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE