# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON I. CONTRERAS, | Case No. 1:15-cv-0173-DLB |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| METTS, et al., | |
| Defendants. | |

Plaintiff Ramon I. Contreras ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 2, 2015.[1]

On July 17, 2015, the Court dismissed the complaint with leave to amend. Plaintiff was ordered to file an amended complaint within thirty (30) days of the date of service of the order.

On September 4, 2015, after the time for filing an amended complaint passed, the Court issued an order to show cause why the action should not be dismissed for failure to follow a Court order and failure to prosecute. Plaintiff was ordered to file a response within twenty-one (21) days of the date of service.

Over twenty-one (21) days have passed and Plaintiff has not filed a response or otherwise communicated with the Court.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 19, 2015.

**DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  This case has been pending since February 2, 2015, and there is no operative complaint on file.  Plaintiff has had numerous opportunities to file an amended complaint, but he has failed to do so.

     The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

     Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's September 4, 2015, order to show cause expressly stated:  "Failure to respond will result in dismissal of this action."  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## **ORDER**

     Accordingly, this action is DISMISSED WITHOUT PREJUDCE for Plaintiff's failure to follow the Court's orders and failure to prosecute.

IT IS SO ORDERED.

Dated:   **October 16, 2015**              /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE